In the Matter of the Application and Petition of GEORGE J. GILLESPIE and Others, Constituting The Board of Water Supply of the City of New York, to Acquire Real Estate for and on Behalf of the City of New York, under Chapter 724 of the Laws of 1905, and the Acts Amendatory Thereof (Now Re-enacted as Title K of the Administrative Code of the City of New York) in the Towns of Shandaken and Olive, Ulster County, New York, for the Purpose of Providing an Additional Supply of Pure and Wholesome Water for the Use of the City of New York. GEORGE J. GILLESPIE and Others, Constituting The Board of Water Supply of the City of New York, Appellants; NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— This is an appeal by the petitioners from an order of Special Term confirming the separate report, relating to the claim of the respondent, the New York Central Railroad, made by commissioners of appraisal in condemnation proceedings under the Water Supply Act, which awarded the respondent $67,000 for damage to fifteen parcels of land abutting the Esopus creek. The petitioner, on presentation of the report, moved to reject it in its entirety or in the alternative to compel the commissioners to explain their report and the respondent cross-motioned to confirm the report in all respects. The report was confirmed

in all respects except as to some witness fees. The line of respondent railroad lies adjacent to the creek covering the section in question. Following the completion of the Ashokan Reservoir the petitioner constructed an auxiliary reservoir at Gilboa upon the Schoharie creek, and tunnelled the mountains for a distance of eighteen miles in the construction of an aqueduct to carry the water from the Gilboa Dam to the Esopus creek. The capacity of the aqueduct is approximately 1,063 cubic feet per second. The use of the Esopus for this purpose was started in 1924 and was continued for a period of years without authority. The owners abutting the creek claimed damage due to the increased flow of the stream which had an average flow, before the use it was put to by the petitioner, of 460 cubic feet per second and was increased by the use made of the stream, by the petitioner, to 1,523 cubic feet per second, keeping the banks of the stream, a portion of which were the banks of the railroad, saturated and softened so that without riprapping and protection the railroad embankments would not sustain the increased load in times of high water. A mandamus was asked for to compel the board of water supply to apply to the commissioners to determine the damage to owners adjoining the creek. The order was granted and this proceeding was a result of that. The petitioner asked for the acquiring of the right in perpetuity to interfere with or otherwise affect the natural and usual flow of the waters of the Esopus creek in that portion of said creek lying between the point in the town of Shandaken, Ulster county, N. Y., where the outlet of the Schoharie Tunnel, maintained by the department of water supply of the city of New York, joins the Esopus creek and the point southerly therefrom where the Esopus creek flows into the Ashokan Reservoir in the town of Olive, Ulster county, N. Y., to the extent that such natural and usual flow of the waters of said creek is and hereafter be interfered with or otherwise affected by the induction into said creek, in the portion thereof above described, either continuously or from time to time and in such quantities as the operating needs of such department may require of the water of said Schoharie Water Tunnel not exceeding 1,063 cubic feet per second. Extensive evidence was taken showing claimant's damage and the commissioners, in a careful report, have assessed the damage. They examined the property in question, and the flow of the creek with and without the additional water of the petitioner. The evidence and record supports the findings of the commissioners and the order appealed from is affirmed, with costs. Order affirmed, with costs. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur.